UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
YIPPY, INC.,                                                                    Case No. 26-573

                                    Petitioner,

    -against-

GLOBALSTAR, INC.,

                                    Respondent.
-----------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR INJUNCTIVE RELIEF IN AID OF ARBITRATION


Mark L. Cortegiano, Esq.
65-12 69th Place
Middle Village, NY 11379
(718) 894-9500
mark@cortegianolaw.com
*Attorney for Petitioner*

# Table of Contents

Preliminary Statement ...................................................................................................................1

Factual Background ......................................................................................................................1

Argument .......................................................................................................................................2

    THIS COURT HAS THE AUTHORITY TO ISSUE INJUNCTIVE RELIEF UNDER THE CONTRACT AND THE FEDERAL ARBITRATION ACT AND YIPPY IS ENTITLED TO INJUNCTIVE RELIEF ..................................................................................................................2

Conclusion .....................................................................................................................................4

...

# Table of Authorities

**Cases**

*Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 894–95 (2d Cir. 2015) .................... 3, 4
*Gen. Mills, Inc. v. Champion Petfoods USA, Inc.,* No. 20-CV-181 (KMK), 2020 WL 915824, at *3 (S.D.N.Y. Feb. 26, 2020) ................................................................................................ 3
*Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010) ................................................................ 3

Petitioner Yippy, Inc. ("Yippy") submits this memorandum of law in support of its order to show cause for injunctive relief in aid of arbitration.

## Preliminary Statement

Yippy is entitled to injunctive relief in aid of arbitration because respondent Globalstar, Inc. ("Globalstar") is in exclusive possession of documents and information necessary to conducting the arbitration required by the Access Agreement between the parties. In addition to Globalstar's own books and records, nine of Yippy's servers containing information critical to arbitration between the parties are in Globalstar's exclusive possession and control. Yippy will be irreparably harmed by the information on its servers being lost or otherwise rendered inaccessible and by its own admission, Globalstar does not even know where the servers are.

Yippy has invoked its audit rights under the Access Agreement in an attempt to secure the necessary documents and information. As a result of Globalstar's refusal to comply with the Access Agreement by failing to recognize Yippy's audit rights and disclose the locations of and grant administrative access to Yippy's servers, Yippy is entitled to seek injunctive relief under Sections 8.03 and 12.09 of the Access Agreement.

## Factual Background

Yippy and Globalstar are parties to an Access Agreement dated December 10, 2015. Under the Access Agreement, Globalstar is to pay Yippy a per-subscriber royalty. *See* Exhibit A at Section 2.05. Globalstar's public disclosures showed a material shortfall between Globalstar's subscribers and the royalties paid to Yippy.

In an attempt to reconcile this shortfall, Yippy requested an audit of Globalstar's records. Pursuant to Section 2.02(g) of the Access Agreement, Yippy has the right "to audit and inspect Globalstar's books and records relevant to the purchase of Yippy Services from Yippy by Subscribers." *See* Exhibit A at Section 2.02(g). By letter dated October 17, 2025, Yippy invoked

its audit rights under the Access Agreement. *See* Exhibit D. Globalstar has not provided full access or complete books and records necessary for the audit and has attempted to restrict the audit to incomplete spreadsheets.

Yippy is unable to verify the royalty figures without access to Globalstar's books and records because Globalstar has locked Yippy out of its co-located servers. In or about March of 2018, Globalstar obtained access to Yippy's servers by representing that Globalstar needed access for integrating and operating Globalstar's systems. Since March of 2018, Yippy has not had full administrative access to its servers. By letter dated October 17, 2025, Yippy demanded access to its servers. In response, Globalstar stated that it was "in the process of locating the servers." *See* Exhibit E.

Yippy cannot conduct a meaningful arbitration as required by the Access Agreement without the books and records in Globalstar's possession or access to information on its own servers.

## Argument

### I. THIS COURT HAS THE AUTHORITY TO ISSUE INJUNCTIVE RELIEF UNDER THE CONTRACT AND THE FEDERAL ARBITRATION ACT AND YIPPY IS ENTITLED TO INJUNCTIVE RELIEF

This Court has authority under the Access Agreement and Federal Arbitration Act to issue injunctive relief to aid Yippy in securing the documents and information it needs in order to conduct an arbitration pursuant to the Access Agreement. "The Second Circuit has repeatedly held that courts retain the power, and the responsibility, to consider applications for preliminary injunctions while a dispute is being arbitrated: 'Where the parties have agreed to arbitrate a dispute, a district court has jurisdiction to issue a preliminary injunction to preserve the status quo pending arbitration. The standard for such an injunction is the same as for preliminary injunctions

2

generally.'" *Gen. Mills, Inc. v. Champion Petfoods USA, Inc.,* No. 20-CV-181 (KMK), 2020 WL 915824, at *3 (S.D.N.Y. Feb. 26, 2020) (citing *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 894–95 (2d Cir. 2015) (citations omitted)).

A party seeking a preliminary injunction must demonstrate: "(1) a likelihood of success on the merits or…sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction." *Benihana*, 784 F.3d 887, 895 (2d Cir. 2015) (quoting *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010) (internal quotation marks omitted)).

First, here, Yippy has a likelihood of success on the merits in an arbitration over withheld royalties. As is set forth in the Affidavit of Richard Granville, royalty reports reflect only a fraction of Globalstar's duplex subscriber base as compared to Globalstar's public disclosures.

Second, there is a likelihood of irreparable injury absent an injunction. As Globalstar stated in a letter to Yippy, Globalstar was not even aware of the location of Yippy's servers as of October 23, 2025. Absent an injunction requiring Globalstar to locate and make available Yippy's servers, the information on those servers that is crucial to Yippy's case could be lost or destroyed.

Third, the balance of hardships tips in Yippy's favor. All the information that Yippy needs to arbitrate is within Globalstar's possession and control, and Globalstar has refused to produce that information. Globalstar has further refused to disclose the location of Yippy's servers and refused to grant Yippy administrative access to those servers.

Fourth, the public interest would not be disserved by a preliminary injunction. A preliminary injunction would simply require Globalstar to comply with its obligations under the

3

Access Agreement. *See Benihana*, 784 F.3d at 897 (stating that public interest is served by the enforcement of the parties' lawful agreement).

## **Conclusion**

For all the foregoing reasons, this Court should grant Yippy's request for injunctive relief in aid of arbitration and enter judgment requiring and compelling Respondent to : (a) deliver a complete, reconciled royalty accounting for the period from December 2015 through the most recent billing period and produce proof of EULA execution for all reported accounts; (b) restore Yippy's full administrative access to the Yippy services systems and environments within Globalstar's custody or control; (c) produce the complete set of books and records relevant to the purchase of Yippy services pursuant to the audit rights provision of the Access Agreement; and (d) identify the current physical locations of all nine Yippy co-located servers and any backups, images, or migrations thereof, and make the servers and any cloud-hosted instances thereof for immediate forensic examination under a mutually agreed-upon protocol; and granting such other and further relief as the court deems just, proper and equitable.

Dated: Middle Village, NY
January 21, 2026

/s/ Mark L. Cortegiano
Mark L. Cortegiano, Esq.
65-12 69th Place
Middle Village, NY 11379
(718) 894-9500
mark@cortegianolaw.com
*Attorney for Petitioner*

4

## WORD COUNT CERTIFICATION

  Mark L. Cortegiano, attorney for the petitioner herein, certifies that this memorandum of law contains less than 8,750 words, as required by Local Rule 7.1(c).

/s/ Mark L. Cortegiano
Mark L. Cortegiano
